UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61930-CIV-SINGHAL

DJIBRIL DANSOKO,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary of
the United States Department of
Homeland Security, *et al.,*

      Respondents.

_____/

## ORDER

**PETITIONER DJIBRIL DANSOKO FILES** another Petition for Writ of Habeas Corpus (DE [1]).  *See Dansoko v. Mullin et al,* No. 26-cv-60133-AHS (Apr. 6, 2026).  The Court previously denied his petition on statutory grounds and because Petitioner was not entitled to any more due process rights than Congress provided.  Since that date, the Eleventh Circuit decided *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).  Petitioner argues he is entitled to release or a bond hearing under *Hernandez Alvarez*.  But even though Petitioner previously requested two different custody redeterminations prior to *Hernandez Alvarez*, Petitioner has not requested one since.  Petitioner's request for bond was previously denied under *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), *see* (DE [12-8]), but as the government itself admits, *In re Yajure Hurtado* no longer controls, in light of *Hernandez Alvarez*.  If Petitioner is entitled to a bond hearing under *Hernandez Alvarez*, he would be given one upon request.

But instead of requesting a bond hearing, Petitioner filed this Petition (DE [1]). Before bringing a petition for writ of habeas corpus, a detainee generally must exhaust available administrative remedies.  *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).  While it is true that in certain circumstances "exhaustion is not required

where no genuine opportunity for adequate relief exists," Petitioner has made no such showing here. *Abalos v. Warden*, 2026 WL 1145601, at *3 (S.D. Fla. Apr. 28, 2026) (quoting *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982)). Petitioner has provided no reason why he did not request another bond hearing, now that *In re Yajure Hurtado* no longer controls.

Petitioner's only argument in response is that he has been detained for eight months, and he should be released immediately instead of being required to request a hearing. But as the Court previously explained, for purposes of due process, Petitioner is considered to be still at the border, and he is only entitled to the process that Congress gave him. *Dansoko*, 26-cv-60133, at *6 ("Since he was detained immediately, he is not considered to have entered the country, and thus is only entitled to the due process rights provided by Congress. This is true even though Petitioner was paroled on his own recognizance three days later.") (internal citation omitted). Congress, and the federal agencies, created a path for Petitioner to seek release. 8 U.S.C. § 1226; 8 C.F.R. § 1003.19. Recent binding precedent has opened the door for Petitioner to seek relief down that path. *See Hernandez Alvarez*, 175 F.4th 1258. But Petitioner has not gone through the open door, and instead argues that he is entitled to more due process. Petitioner has not exhausted his remedies. The exhaustion requirement is in place for cases like this, where a detainee has other avenues that could very likely provide relief but fails to take advantage of them. Petitioner must exhaust his other remedies before the Court can consider his Petition.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of

August 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

3